IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

RODGER D. MITCHELL,

    Petitioner,

v.                                            Case No. 2:12-cv-02149

DAVID R. BALLARD, Warden,
Mount Olive Correctional Complex,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

On June 14, 2012, the Clerk's Office received a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1), filed by Rodger D. Mitchell (hereinafter "the petitioner"). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**PROCEDURAL HISTORY OF PETITIONER'S CASE**

The petitioner, who is presently incarcerated at the Mount Olive Correctional Complex, in Mount Olive, West Virginia, is serving a 22 to 50 year sentence upon his conviction by a jury in the Circuit Court of Jackson County, West Virginia, on numerous counts of sexual abuse by a custodian and child abuse causing injury. *State v. Mitchell*, No. 02-F-22 (Cir. Ct. Jackson Cty, Oct. 2. 2003).

According to the instant petition, on June 8, 2005, the petitioner filed a Petition for Appeal in the Supreme Court of Appeals of the State of West Virginia (the "SCAWV"), asserting that he was incompetent to stand trial and that the trial court erred in denying his motion to dismiss the sexual abuse charges because the alleged victim's testimony was uncorroborated and inherently incredible.  (ECF No. 1 at 3.)  The undersigned's staff has confirmed with the Clerk's Office of the SCAWV that the Court refused the Petition for Appeal on October 6, 2005.[1]

Petitioner further states that he filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Fayette County, where he is incarcerated, which was transferred to the Circuit Court of Jackson County, where he was convicted.  The undersigned's staff has confirmed that the petitioner filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Fayette County on July 25, 2011, which was transferred to the Circuit Court of Jackson County on July 28, 2011.  (*Mitchell v.* Ballard, Case No. 11-C-172 (Cir. Ct. Fayette Cty).  On July 29, 2011, the Circuit Court of Jackson County opened *Mitchell v. Ballard*, Case No. 11-C-101, to address the habeas corpus petition, which remains pending in that court.[2]

The Clerk's Office for the SCAWV has further indicated that, although the petitioner has filed several mandamus petitions in that court, one of which is presently

---

[1] The undersigned notes that this date differs from that stated by the petitioner in the instant petition. The petitioner stated that the Petition for Appeal was refused on August 16, 2005. (ECF No. 1 at 3.)

[2] According to the docket sheet for Case No. 11-C-101, on or about November 4, 2011, the petitioner moved to recuse the Honorable David Nibert, the Circuit Judge who has been assigned to his habeas corpus proceeding.  On or about May 30, 2012, the SCAWV issued an Administrative Order directing Judge Nibert to continue to preside over the matter.  According to the docket sheet, no additional proceedings have occurred.

pending, the petitioner has not filed any original jurisdiction habeas corpus petitions or habeas corpus appeals in that court.[3]

## APPLICABLE STATUTES AND CASE LAW

Section 2254 of Title 28 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

> (A) the applicant has exhausted the remedies available in the courts of the State . . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust her state court remedies, the federal petition should be dismissed. *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995);

---

[3] The petitioner is advised that, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations for filing a petition for a writ of habeas corpus under section 2254. Section 2244(d) specifies how the statute of limitations is calculated. The undersigned makes no proposed ruling herein concerning the application of the statute of limitations in the petitioner's case, but merely notifies the petitioner that any such petition must be filed in accordance with the statute of limitations.

*McDaniel v. Holland*, 631 F. Supp. at 1545.  A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV.  However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies.  *See Moore*, 879 F. Supp. at 593; *McDaniel*, 631 F. Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990) (abrogated on other grounds, *Trest v. Cain*, 522 U.S. 87 (1997)).

## ANALYSIS

As noted above, exhaustion of state court remedies occurs if a petitioner raises the exact same federal constitutional claims in either a direct appeal, or in a habeas corpus petition filed in a circuit court, followed by an appeal of the exact same issues to the SCAWV, even where the appeal is summarily refused.  The issues may also be exhausted if raised in a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV, but only where the claims therein are actually adjudicated on the merits.  A summary refusal of such a petition will not exhaust those claims.

Because the petitioner's state habeas corpus proceedings are on-going, he has not properly exhausted his state court remedies.  Thus, the claims contained in his section 2254 petition are unexhausted, and his section 2254 petition is premature.  Accordingly, it must be dismissed without prejudice.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to exhaust his state court remedies prior to filing the instant section 2254 petition.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2254 petition and this civil action, without prejudice, for failure to exhaust his state court remedies.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals.  Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner, and to transmit it to the Attorney General.

July 12, 2012

Mary E. Stanley
United States Magistrate Judge